**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Antlocer,<br><br>    Plaintiff,<br><br>vs.<br><br>Security Title Agency; Bayview Loan Servicing, LLC; M&T Bank; Geoff "Action" Adams; and Does 1-10,<br><br>    Defendants. | No. CV-09-1072-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Geoff "Action" Adams's ("Adams") Motion for Summary Judgment (Dkt. # 29.) For the following reasons, the Court denies the Motion without prejudice.

**BACKGROUND**

Neither party has complied with Local Rule of Civil Procedure 56.1, which requires a party filing or opposing a motion for summary judgment to file a separate statement of facts. L. R. Civ. P. 56.1. That rule further requires that "each material fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)." *Id.*

It appears from the statements made in the briefs that, in April 2003, Plaintiff Stanley Antlocer and his wife executed a deed of trust to purchase a piece of real property, with

Defendant Security Title Agency ("STA") as the trustee and Defendant BayView Loan Servicing, LLC ("BLS") as the beneficiary. Apparently, Antlocer began renting the property to tenants. On May 29, 2009, STA conducted a trustee's sale, at which BLS purchased the property. The Motion asserts that Adams is a real estate salesperson, whom BLS retained to list the property for sale after it had purchased the property at the deed of trust sale. Plaintiff sent Adams a letter threatening to arrest and sue Adams for entering the property. Plaintiff contends that Adams ignored the letter and offered to pay $700 to the tenants in exchange for them vacating the property.

Plaintiff's Amended Complaint alleges a violation of the Fair Dept Collection Practices Act and "various Federal laws," seeking injunctive and punitive relief, as well as requesting that Adams be criminally prosecuted under 18 U.S.C. § 1001. Adams, who apparently accepted or waived service, then moved for summary judgment.

## DISCUSSION

In his Motion, Adams asserts that he owes no duty of reasonable care to Plaintiff and that he was simply doing his job. Not only is it unclear whether these arguments are legally sufficient, but, more importantly, these blanket assertions fail because Adams has not provided the Court with portions of the record upon which the Court could determine whether Adams owed a duty to Plaintiff, what his job was, what actions he took, or any other admissible facts that would be relevant to either party's claims or defenses.

As the moving party, Adams "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Adams has not met these responsibilities as he has neither complied with Local Rule 56.1 nor provided any other way for the Court to determine whether there are genuine issues of material fact. Because this failure "may constitute

grounds for the denial of this motion," L. R. Civ. P. 56.1, the Court denies the Motion without prejudice.[1]

Defendant also requests sanctions and attorneys fees. Because the Court denies the Motion for Summary Judgment, the Court likewise denies the request for fees without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Dkt. # 29) is **DENIED WITHOUT PREJUDICE**.

DATED this 21st day of April, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge

---

[1] Plaintiff contends that "Defendant is not the Real Person in Interest under [Federal Rule of Civil Procedure] 17." (Dkt. # 30 at 7.) Rule 17, however, relates to prosecuting actions in the name of the real party in interest—a doctrine that does not appear to apply to whether Adams may defend himself in this lawsuit.