**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Antlocer,<br><br>    Plaintiff,<br><br>vs.<br><br>Bayview Loan Servicing, Geoff "Action" Adams<br><br>    Defendants. | No. 09-CIV-1072-PHX-GMS<br><br>**ORDER** |

Pending before the Court is: (1) Bayview Loan Servicing, L.L.C.'s Motion to Dismiss (Doc. 50); (2) Defendant Adams' Motion For Summary Judgment (Doc. 69); (3) Plaintiff's Motion to Quash Order of 9/21/10 (Doc. 72); and (4) Defendant Geoff Adams's Notice of Plaintiff's Non-Response to Defendant Adams' Motion for Summary Judgment and Motion for Ruling (Doc. 73). For the reasons stated below, the Court grants Bayview's Motion to Dismiss, grants Adams's Motion for Summary Judgment, denies Plaintiff's Motion to Quash Order of 9/21/10, and denies, as moot, Adams's Notice of Plaintiff's Non-Response and Motion for Ruling.

**BACKGROUND**

On April 21, 1993, Plaintiff Stanley Antlocer borrowed $57,692.58 from APX Mortgage Services to purchase a property located at 12123 West Bell Road # 106. The Promissory Note to APX was secured by a deed of trust on the property. APX was the original beneficiary under the deed of trust.

A number of years later, after several purported assignments of the deed of trust, Security Title Agency, a substitute trustee, noticed a deed of trust sale for May 29, 2009, due to Antlocer's default under the note. After receiving that notice, Plaintiff Antlocer filed this lawsuit (Doc. 1), together with a Motion for Preliminary Injunction (Doc. 5). The original Complaint listed Security Title Agency, Bayview Loan Servicing, LLC, M&T Bank, and Does 1-10, as parties Defendant.

The original Complaint, which is forty pages long, is difficult to understand. Nevertheless, read liberally, it appears to claim that: (1) Defendants have no right to sell the deed of trust because they are not in possession of the note; (2) Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a et. seq., by noticing the trust deed sale; (3) Defendants' bank has violated unspecified federal law that mandates that GAAP principles be applied and the bank violated those principles by acquiring Antlocer's promissory note to APX without adequate consideration; (4) all Defendants committed TILA violations by acquiring the deed of trust without having the actual promissory note; (5) when informed of his deficiency, Plaintiff contacted the bank and Bayview "as to a loan modification or other help" and never received a response; (6) Plaintiff sent A RESPA affidavit to BAYVIEW to which he never received an appropriate response; (7) unspecified Defendants violated provisions of an unspecified civil code; and (8) unspecified papers provided by unspecified Defendants gave Antlocer a right to rely on a "possible solution" to his default, thus creating detrimental reliance in Antlocer against unspecified Defendants. In addition, Plaintiff lists a number of real and imaginary statutory and common law causes of action, without alleging any facts that would suggest that such causes of action apply to the facts of this case.

Ten days later, Plaintiff filed a Motion for Nihil Dicit Judgment and Notice (Doc. 7) which was apparently based on Plaintiff's assertion that Defendants had not answered his Complaint. The Court thereafter denied his Notice and Demand for Nihil Dicit Judgment, noting that it was unclear what Plaintiff desired by the filing, but in any event, the Defendant had not yet served the Defendants with the Complaint in this action (Doc. 8). Plaintiff

1 subsequently filed an objection to the Court's Order, asserting that he was entitled to a "nihil
2 dicit" judgment based on the Defendants' failure to respond to a certified RESPA request,
3 and that in the letter that Plaintiff alleges constitutes a RESPA request, he had informed
4 Defendant Bayview if it did not respond, then Bayview granted Mr. Antlocer unlimited
5 power of attorney with respect to his claims against Bayview and Plaintiff would be entitled
6 to judgment on those claims.

7 Thereafter, Plaintiff filed a First Amended Complaint ("FAC") which asserted what
8 appears to be a trespass claim against Geoff "Action" Adams. It did not, apparently, reassert
9 Mr. Antlocer's claims against the previous Defendants. It merely stated in a summary
10 sentence that "[t]he Defendants who do not have proof of ownership of named property are
11 in violation of the Fair Debt Collection Practices Act and various Federal laws and have
12 never answered Plaintiffs (sic) request for verified debt, 'Note' in his correspondence to
13 Defendants."

14 Defendants Hunt ERA and Geoff Adams answered the First Amended Complaint on
15 July 26, 2009.

16 Despite the fact that his FAC restated few, if any, of the claims raised in his initial
17 Complaint, Plaintiff has repeatedly renewed his request for a "nihil dicit" judgment as to all
18 Defendants under various guises. He has done so either as an objection to Court rulings, a
19 Motion and Demand for writ of Execution, or some other motion. *See, e.g.*, Docs. 9, 13, 15,
20 17, 18, 20, 21, 26, 31, 38, 40-46, 64, and 67. Plaintiff again renews this request in his
21 pending Motion to Quash Court Order filed on 10/29/10 (Doc. 72).

22 This Court has repeatedly denied such requests based both upon Plaintiff's
23 unsupported factual assertions in such requests, his failure to cite justifying law, and on his
24 failure to appropriately verify that he had ever served Defendants in this action and that they
25 thus have had an opportunity to respond to his Complaint or his various motions. *See* Docs.

1  16, 22- 23, 27, 39, 58, 66, and 68.[1]

2  Plaintiff apparently believes that after filing a lawsuit all he need do is state that
3  Defendants failed to appropriately respond to his RESPA request.  He then apparently
4  believes that this unsworn statement alone would give rise to liability entitling him to
5  immediate judgment against the Defendants in his favor.  As the Court has previously
6  attempted to explain at least eight times, such views are ill-founded.  *See, id.*

7  As a result of Plaintiff's failure to appropriately verify service, Defendants M&T
8  Bank and Security Title Agency were dismissed from this action on October 30, 2009 (Doc.
9  27). On June 2, 2010, Defendant Bayview Loan Servicing LLC entered an appearance and
10 filed its Motion to Dismiss.[2]

## ANALYSIS

### I. Bayview's Motion To Dismiss.

As Defendant Bayview points out in its Motion to Dismiss, this lawsuit is now governed by the FAC filed by Plaintiff Antlocer in this action. *Ramallo Bros. Printing, Inc. V. El Dia, Inc.,* 490 F.3d 86, 88 n.2 (1st Cir. 2007) (holding that the "amended complaint completely supersedes [the] original complaint, and thus the original complaint no longer performs any function in this case.") *Young v. City of Mt. Ranier,* 238 F.3d 567, 573 (4th Cir. 2001) (holding that amended pleading renders original pleading of no effect); *In Re Atlas Van Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (same).

In the FAC, Plaintiff raises no claims specifically against Bayview.  The FAC does allege, however, that unspecified "Defendants who do not have proof of ownership of named property are in violation of the Fair Debt Collection Practices Act and various Federal laws and have never answered Plaintiffs (sic) request for verified debt, "Note" in his

---

[1] For the reasons set forth in this Order, and the Court's previous Orders, Plaintiff's Motion to Quash (Doc. 72) is denied.

[2] Prior to this time, Plaintiff never sought to enter default against Bayview for its failure to appear in this action. Thereafter, in light of Bayview's appearance, there was no basis for entry of default.

- 4 -

1 correspondence to Defendants." To the extent that this is an attempt by Plaintiff to raise an
2 FDCPA claim against any Defendant based on its foreclosure of the deed of trust, such a
3 claim fails. As *Mansour v. Cal-Western Reconveyance Corp.,* 618 F. Supp. 2d 1178, 1182
4 (D. Ariz. 2009) makes plain, Plaintiff can state no FDCPA claim that arises from a non-
5 judicial foreclosure proceeding, because "a non-judicial foreclosure proceeding is not the
6 collection of a 'debt' for purposes of the FDCPA." *Mansour, id,* at 1182.

7 Further to the extent that Plaintiff intended to state TILA or RESPA claims against
8 Bayview by referring in the FAC to "various Federal laws," he has not sufficiently pleaded
9 such claims so as to state a claim of relief that is plausible on its face. *Bell Atlantic v.*
10 *Twombly,* 550 U.S. 544 (2007). Even to the extent that Plaintiff erroneously believes that
11 the previous allegations made in the original Complaint are still in force, they are insufficient
12 to raise TILA claims against Bayview when they fail to suggest how a TILA claim is
13 plausible when BAYVIEW did not lend any money to Plaintiff.

14 Therefore, Bayview's Motion to Dismiss is granted. Because it is clear, however, that
15 Plaintiff is unfamiliar with the law of pleading, and he apparently believes that his earlier
16 claims asserted in his original Complaint against Bayview remain in this case, Bayview's
17 Motion to Dismiss is granted with leave for Plaintiff to seek to amend his pleading. Should
18 he seek to bring a new Second Amended Complaint ("SAC"), however, Plaintiff shall file
19 a motion for leave to file a SAC no later than **January 15, 2011**. The motion shall attach the
20 proposed SAC and shall otherwise follow the requirements of Arizona Local Rules of Civil
21 Procedure 15.1.

22 Plaintiff is advised that the Court will not permit a filing of a SAC that is similar to
23 the original Complaint he filed in this matter. Two of the Defendants have been dismissed
24 by the Court for the Plaintiff's failure to serve them. Bayview has appeared in this matter.
25 Thus, unlike the original Complaint, the proposed SAC should set forth in plain, direct, clear
26 and simple statements the facts that Plaintiff alleges as they pertain to Bayview, and **not** the
27 other Defendants that have already been dismissed from this case. The SAC shall separately
28 state each claim. The alleged facts should state specifically and simply what the Plaintiff

- 5 -

1  alleges that Bayview has done that gives him a right of recovery with respect to each claim.
2  The alleged facts shall be set forth in separate paragraphs "showing that the pleader is
3  entitled" to prevail on his claim.

4  Consistent with this Order, any proposed SAC shall not include a FDCPA claim based
5  on the non-judicial foreclosure of Plaintiff's property. Further, alleging, without more, that
6  a foreclosure is invalid because the foreclosing entity did not have actual possession of the
7  note at the time of foreclosure, does not state a sufficient basis to bring a claim under Arizona
8  law. *See Deissner v. Mortgage Elec. Reg. Sys.,* 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009)
9  (holding that "Arizona's non-judicial foreclosure statute does not require presentation of the
10 original note before foreclosure proceedings."); *Mansour, id,* at 1181 (same). The proposed
11 SAC, therefore shall not include such a claim. Nor should the proposed SAC include any
12 other claim that is not at least plausibly supported by pleaded facts.

13 **II.    Geoff "Action" Adams Motion For Summary Judgment**

14 Defendant Adams has included with his Motion For Summary Judgment a
15 Statement of Facts. That statement and its attachments provide admissible evidence,
16 including the trustee's deed in favor of Bayview, that Bayview purchased the subject
17 property at the non-judicial foreclosure sale and then retained Defendant Adams, a real estate
18 agent, to list the property for sale. Adams then avows in the affidavit that he visited the
19 property and notified Plaintiff's tenants that they were required to vacate due to the
20 property's new ownership, which they did.

21 These facts are established by admissible evidence, and none of them are contested
22 by Plaintiff who has filed no Response to Adams's Motion. Because Arizona law specifies
23 that a trustee's deed constitutes conclusive evidence that the requirements of a valid sale have
24 been met for purchasers for value without notice, *see, e.g.,* A.R.S. § 33-811(B) (2007),
25 Plaintiff cannot defeat Adams's Motion for Summary Judgment without raising a material
26 fact suggesting that, even in light of this conclusive presumption created by state law,
27 Plaintiff maintained the authority to prohibit Adams from entering the property after
28 Bayview purchased the property at the trustee's sale. Plaintiff's fervent belief that he should

1  still be considered owner of the subject property is not sufficient to defeat summary
2  judgment. Because the uncontested facts establish that Defendant Adams is entitled to
3  summary judgment on Plaintiff's claim or claims set forth against him in the FAC, summary
4  judgment is granted in his favor on all such claims. Defendant Adams's Notice of Plaintiff's
5  Non-Response to Defendant Adams' Motion for Summary Judgment and Motion for Ruling,
6  Doc. 73 is denied as moot.

**IT IS THEREFORE ORDERED**:

1. Granting Bayview's Motion to Dismiss (Doc. 50).

2. Should Plaintiff desire to file a Motion for Leave to file a Second Amended Complaint, he shall do so no later than **January 15, 2011**. The Court will not permit the filing of any proposed SAC that does not comply with the requirements of this Order.

3. If Plaintiff does not file a motion requesting leave to file a SAC by **January 15, 2011**, the Clerk of the Court is directed to terminate this matter.

4. Granting Defendant Adams' Motion for Summary Judgment (Doc. 69).

5. Denying Defendant Adams' Motion/Request for Court to grant Motion for Summary Judgment as moot (Doc. 73).

DATED this 17th day of December, 2010.

_G. Murray Snow_
United States District Judge